IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

                Petitioner,                ORDER

      v.                                        09-cv-46-slc[1]

ROBERT FENTON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After plaintiff Orlando Pilcher filed a behemoth of a complaint raising numerous claims and naming 60 defendants, I reviewed the complaint preliminarily and concluded that it violated both Fed. R. Civ. P. 8 and 20. The complaint included at least two separate lawsuits against two different sets of defendants. One lawsuit concerned incidents occurring while plaintiff was confined at the Federal Correctional Institution in Yazoo City, Mississippi. The other concerned incidents occurring while plaintiff was confined at the Federal Correctional Institution in Oxford, Wisconsin. However, the allegations were so confusing that it was difficult to determine precisely what plaintiff was alleging each

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by the parties to this action, I am assuming jurisdiction over the case for the purpose of issuing this order.

1

defendant had done to violate his rights.

In an order dated March 17, 2009, I explained to plaintiff the problems with his complaint and set a deadline for him to select from a list of options how he wished to proceed. In that order, I alerted plaintiff to the fact that if he were to choose to proceed with the Mississippi lawsuit, his action might be subject to dismissal or transfer to another district if defendants challenged this court's personal jurisdiction over them or elected not to waive improper venue. Subsequently, plaintiff submitted a letter in which he said he wanted to dismiss voluntarily his claims in what I had identified as the "Wisconsin lawsuit," and to proceed on his claims in what I had identified as the "Mississippi lawsuit."

On April 13, 2009, I screened plaintiff's Mississippi claims as I am required to do under the 1996 Prison Litigation Reform Act and granted plaintiff leave to proceed on his claim that defendant Robert Fenton used excessive force against him, in violation of the Eighth Amendment. In addition, I granted plaintiff's request to dismiss voluntarily his complaint as to his claims arising out of events occurring at the Federal Correction Institution in Oxford, Wisconsin and dismissed all of the defendants that appeared to be named in connection with that claim. Finally, I dismissed several more defendants for plaintiff's failure to provide them with the notice required by Fed. R. Civ. P. 8 of what wrongdoing they were alleged to have carried out against him, and one defendant, the Federal Bureau of Prisons, on the ground that federal agencies may not be sued under the

Constitution.

Now plaintiff has filed a document titled "Opinion and Response to Order," in which he appears to be expressing disagreement with this court's enforcement of Fed. R. Civ. P. 8 and 20 and asking that the case be transferred to another venue where he can litigate all of his claims together. I construe plaintiff's "Opinion. . . ." to include a motion to transfer this action to another venue. That motion will be denied.

A plaintiff's initial choice of forum governs unless the *defendant* requests that the action be moved and supports the request with a showing that the case belongs in another court. It is not proper to transfer a case to another court simply because the plaintiff is dissatisfied with the rulings of the court he selected. If plaintiff does not wish to pursue his excessive force claim against defendant Fenton in this court, he is free to dismiss his case voluntarily. Such a dismissal would be without prejudice to plaintiff's filing his case elsewhere, so long as plaintiff seeks voluntary dismissal before defendant Fenton answers the complaint. Otherwise, the only other way this case will be moved to another district is if defendant Fenton moves to dismiss or transfer and shows that dismissal or transfer is warranted.

ORDER

IT IS ORDERED that plaintiff's motion to transfer this case to another district (dkt. #20) is DENIED.

Entered this 27th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4